## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **JOSEPHINE CHIEN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **Civil Action No. 16-cv-1583 (APM)** |
| | ) | |
| **ANTONY J. BLINKEN, SECRETARY,** | ) | |
| **U.S. DEPARTMENT STATE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JURY INSTRUCTIONS

Ladies, the time has now come when all of the evidence is in.  It is now up to me to instruct you on the law.  Before we talk about the specific claims alleged here and some of the specific issues in this case, I want to take a few moments to talk about some general rules of law.  Some of these will repeat what I told you in my preliminary instructions.

### Instructions to be Considered as a Whole

You must treat and consider all of the instructions I am now giving to you as a whole.  You must not single out any particular instruction or sentence while ignoring others. You must give each instruction equal importance and consider each one equally with all other instructions.

### Function of the Judge

My function as the judge is to conduct the trial of the case in an orderly, fair, and efficient manner. As the judge I also had to rule upon questions of law arising during the trial, and must tell you the law that applies to this case. It is your duty to accept the law as I state it to you without questioning the wisdom of these instructions. In other words, even if you disagree or do not understand the reasons for any of the instructions, you are bound to follow them.

## **Function of the Jury**

Your function as jurors is to decide the facts as they relate to Ms. Chien's retaliation and discrimination claims. While it has been my responsibility to decide what is admitted as evidence during the trial, you are the only judges of the facts as to these claims. You alone determine the weight, the effect, and the value of the evidence, and the believability of the witnesses with respect to those claims. You should decide the facts only from a fair evaluation of all of the evidence, without prejudice, sympathy, fear, or favoritism.  You should not be improperly influenced by anyone's race, ethnic origin, or gender. Decide the case solely from a fair consideration of the evidence.

You may not take anything I may have said or done as indicating how I think you should decide this case. If you believe that I have expressed or indicated any such opinion, you should ignore it.  The verdict in this case is your sole and exclusive responsibility.

## **Rulings on Objections**

There may have been times during the trial when a lawyer made an objection to a question asked by another lawyer or to an answer given by a witness.  It is the duty of a lawyer to make objections if the lawyer believes something improper is being done.  When I sustained an objection to a question, the witness was not allowed to answer it.  Similarly, when I overruled an objection to a question, it simply means that the law only permits the witness to answer the question.  It is still up to you to decide how much weight, if any, the answer deserves.

While it may have been natural for you to become impatient with the delay caused by objections or other portions of the proceedings, you must not let your feelings in any way affect your deliberations.  Those interruptions concerned legal matters, while your job is to decide the facts.  You should not be influenced by any lawyer's objections, no matter how I ruled upon them.

2

## Significance of Party Designations

During the course of the trial, you have heard references to the terms plaintiff and defendant.  To put it as simply as possible, the plaintiff is the person who starts a lawsuit and the defendant is who is sued by the plaintiff.

During your deliberations, however, you must not attach any significance in weighing the evidence to the terms plaintiff and defendant. In other words, the fact that the plaintiff has filed a lawsuit against the defendant does not mean that the plaintiff is entitled to your verdict or that her evidence is entitled to greater weight than the defendant's evidence. Similarly, the fact that the defendant is defending against a lawsuit does not mean that the defendant is entitled to your verdict or that its evidence is entitled to greater weight than the plaintiff's evidence.

## Government as Defendant

The named defendant in this case is Antony Blinken, who the plaintiff, Ms. Chien, has sued in his official capacity as the Secretary of the U.S. Department of State. When a plaintiff sues the United States Department of State, they must name as the defendant the currently serving Secretary of State. But Secretary Blinken had no involvement in this case, and you should treat the defendant in this case as the United States Department of State.

A government agency, such as the Department of State, can act only through its employees and agents.  In general, if an employee of the government acts or makes statements within the scope of his or her authority as an employee of the government, then under the law those acts and statements are the acts and statements of the government itself.  In this case, there is no dispute that the actions taken by the individual Department of State employees and agents about which Ms. Chien complains, were done within the scope of their authority and in the performance of their duties as employees or agents of the Department of State.

3

## Equality of Litigants—Federal Government Agencies

Our system of justice requires that you decide the facts of this case in an impartial manner. You must not be influenced by bias, sympathy, prejudice or public opinion. It is a violation of your sworn duty to base your verdict upon anything other than the evidence in the case.

In reaching a just verdict, you must consider and decide this case as an action between parties of equal standing in the community and of equal worth. A federal government agency, whether large or small, is entitled to no more or less than any other private defendant. Both parties are entitled to a fair trial. All parties, including individuals and federal government agencies, stand equal before the law and are to be treated as equals in this court. In other words, the fact that a party is an individual or a federal government agency must not affect your decision.

## Evaluating Testimony and Evidence

You may consider only the evidence admitted in the case. The evidence consists of the sworn testimony of witnesses, and exhibits admitted into evidence.

Statements and arguments of the lawyers are not evidence. They are intended only to help you to understand the evidence.

Similarly, the questions of the lawyers are not evidence. A lawyer's question that contains an assertion of a fact does not provide evidence of that fact. However, if the witness agrees with the fact asserted by the question, then that fact is evidence for you to consider with all other facts presented at trial. For example, if a question was asked, "Was the traffic light green?", and the witness's answer was "Yes," then there is evidence that the traffic light was green. If the witness's answer was "No," then there is no evidence that the traffic light was green. It is still up to you to decide how much weight, if any, to give that evidence.

If anyone describes the evidence you have heard differently from the way you remember it, it is your memory that should control during your deliberations.

4

You must rely on your own recollection of the testimony and on any notes you may have taken during the trial. Although the court reporter has been transcribing the trial, a transcript will not be available for you to review during your deliberations.

### Direct and Circumstantial Evidence

There are two types of evidence from which you may determine what the facts are in this case—direct evidence and circumstantial evidence. When a witness, such as an eyewitness, asserts actual knowledge of a fact, that witness's testimony is direct evidence. On the other hand, evidence of facts from which reasonable conclusions may be drawn is circumstantial evidence.

Let me give you an example. Assume a person looked out a window and saw that snow was falling. If he later testified in court about what he had seen, his testimony would be direct evidence that snow was falling at the time he saw it happen. Assume, however, that he looked out a window and saw no snow on the ground, and then went to sleep and saw snow on the ground after he woke up. His testimony about what he had seen would be circumstantial evidence that it had snowed while he was asleep.

The law says that both direct and circumstantial evidence are acceptable as a means of proving a fact. The law does not favor one form of evidence over another. It is for you to decide how much weight to give to any particular evidence, whether it is direct or circumstantial. You are permitted to give equal weight to both. In reaching a verdict in this case, you should consider all of the evidence presented, both direct and circumstantial.

### Burden of Proof

The party who makes a claim has the burden of proving it. This burden of proof means that the plaintiff must prove every element of her claim by a preponderance of the evidence.

To establish an element by a preponderance of the evidence, the party must show evidence that produces in your mind the belief that the thing in question is more likely true than not true.

The party need not prove any element beyond a reasonable doubt, the standard of proof in criminal cases, or to an absolute or mathematical certainty.

If you believe that the evidence is evenly balanced on an issue the plaintiff had to prove, then your finding on that issue must be for the defendant.

In arriving at your verdict, you should consider only the evidence in this case. That said, in determining whether a party has carried its burden of proof, you are permitted to draw, from the facts that you find have been proven, such reasonable inferences as you feel are justified in the light of your experience and common sense. You should not rely on speculation or guesswork.

You should consider all the evidence bearing on each claim, regardless of who produced it. A party is entitled to benefit from all evidence that favors that party, whether that party or the adversary produced it. You should not give more or less weight to evidence just because it happened to be produced by one side or the other.

### Inadmissible and Stricken Evidence

The lawyers in this case sometimes objected when the other side asked a question, made an argument, or offered evidence that the objecting lawyer believed was not proper. Objections are not evidence. You must not hold such objections against the lawyer who made them or the party he or she represents. It is the lawyers' responsibility to object to evidence that he or she believes is not admissible.

If, during the course of the trial, I sustained an objection to a lawyer's question, then you should ignore the question and you must not guess about what the answer would have been. If, after a witness answered a question, I ruled that the answer should be stricken, then you should ignore both the question and the answer, and they should play no part in your deliberations.

Similarly, if I sustained an objection to an exhibit, then you should ignore the exhibit and it should play no part in your deliberations.

## Jury to Determine Credibility of Witnesses

In evaluating the evidence and deciding what the facts are, you must consider and weigh the testimony of all the witnesses who have appeared before you. You are the only judges of the credibility of the witnesses. In other words, you alone are to determine whether to believe or disbelieve any witnesses' testimony. If there is any conflict between a witness's testimony and other evidence, it is your function to resolve the conflict and to determine where the truth lies.

In deciding the credibility of any witness, you may consider any matter that may have a bearing on the subject. You may consider the appearance and the behavior of the witness on the witness stand; whether the witness impresses you as a truthful individual; whether the witness impresses you as having an accurate memory and recollection; whether the witness has any motive for not telling the truth; whether the witness had full opportunity to observe the matters about which he or she has testified; whether the witness has any interest in the outcome of this case; or whether the witness has any friendship or animosity toward other persons concerned in this case.

You may consider the plausibility or implausibility of the testimony of a witness in determining whether to accept it as true and accurate. You may consider whether the witness has been contradicted or corroborated by other credible evidence.

If you believe that any witness has shown himself or herself to be biased or prejudiced, either for or against either side in this trial, you may consider and decide whether that bias or prejudice has colored the testimony of the witness so as to affect the witness's desire and capability to tell the truth.

You should give the testimony of each witness as much weight as in your judgment it is fairly entitled to receive.

## Number of Witnesses and Exhibits

The relative weight of the evidence on a particular issue is not determined by the number of witnesses testifying for either side or the number of exhibits on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses and exhibits are worthy of greater belief. It is up to you to decide whether to credit the testimony of a smaller number of witnesses or a small number of exhibits on one side or the testimony of a greater number of witnesses or a greater number of exhibits on the other side. Indeed, a single exhibit, or the testimony of a single witness, which you believe to be the truth, is enough to prove any fact.

## Inferences

During the trial you may have heard the attorneys use the term "inference," and in their arguments they may ask you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical conclusion that a disputed fact exists on the basis of another fact which has been shown to exist.

There are times when different inferences may be drawn from the same set of facts, whether proved by direct or circumstantial evidence. For example, the plaintiff may have asked you to draw one set of inferences, while the defendant asked you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion which you, the jury, are permitted to draw— but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

### Charts and Illustrative Aids

The lawyers have shown to you charts and illustrative aids to help explain the facts. Unless the chart or illustrative aid was admitted into evidence as an exhibit in this case, however, the charts or illustrative aids themselves are not evidence or proof of any facts. If any chart or summary that was not admitted into evidence does not correctly reflect facts or figures shown by the evidence in the case, then you should disregard that chart or summary.

### Impeachment by Prior Inconsistent Statements

You may have heard evidence that a witness previously made statements and that these statements may be inconsistent with the witness' testimony here at trial. It is for you to decide whether any of these prior statements was made and, if one or more was made, whether it is inconsistent with the witness' testimony during this trial. If you find that any prior statement is inconsistent with the witness' testimony here in court, you may consider this inconsistency in judging the credibility of the witness.

In one respect, the law treats prior statements that are inconsistent with court testimony differently depending on whether or not the prior statement was made under oath. If the prior inconsistent statement was made under oath, you may consider the statement as evidence that what the witness originally said was true. If the prior inconsistent statement was not under oath, you may not consider it as evidence that what the witness said in the earlier unsworn statement was true. Whether or not the prior inconsistent statement was under oath, you may consider the inconsistency in judging the witness' credibility.

## Adopting Prior Inconsistent Statements

If a witness testifies that a prior inconsistent statement is the truth, then you may consider the prior statement, even if not made at a deposition, both to evaluate the witness's credibility and as evidence of the truth of any fact contained in that prior statement.

## Claims Not at Issue

As I noted during the trial, certain claims are no longer before you.  They are (1) Ms. Chien's discrimination claims relating to her non-assignment overseas in 2012-13, and (2) her claim of retaliation based on the change in her work hours in Jakarta.  As a result, you did not hear evidence about those claims in the Defendant's case in chief.  You should not speculate about the reasons why those claims are no longer before you, nor should it affect your consideration of the other claims.

***

I would now like to talk with you about the specific claims you are being asked to decide in this case.

## Nature of the Claim

Ms. Chien contends that the Department of State unlawfully discriminated against her on the basis of her race and sex when it denied her a temporary duty assignment to Kuala Lampur in 2016.  Ms. Chien further contends that the Department unlawfully retaliated against her for making complaints of discrimination when it over-scrutinized her application for a security clearance in 2013 and when it assigned her extra duty weeks while she was assigned to the U.S. Embassy in Jakarta, Indonesia, in 2016.  The Department of State denies that it intentionally discriminated against Ms. Chien based on her race or sex and denies that it retaliated against her for bringing discrimination complaints.

## Elements of a Discrimination Claim

I will first instruct you on the elements of Ms. Chien's discrimination claim.

To establish her discrimination claim, Ms. Chien must prove two elements by a preponderance of the evidence:

First, she suffered an adverse employment action.

Second, she suffered the adverse employment action because of her race (Asian) or sex (female).

If you find that Ms. Chien has proved both elements of her discrimination claim by a preponderance of evidence, then your verdict should be for Ms. Chien.  If, on the other hand, Ms. Chien has failed to prove either of these elements by a preponderance of evidence, your verdict should be for the Department of State.

In this case, the parties dispute whether the denial of a temporary duty assignment in 2016 was an adverse employment action. The parties also dispute whether the denial of that duty assignment was because of Ms. Chien's race or sex.

## Adverse Action

The first element of her discrimination claim that Ms. Chien must prove is that the denial of the temporary duty assignment in 2016 in Kuala Lumpur was an adverse action.

An adverse action in employment is a significant change in employment status. That includes, but is not limited to, hiring, firing, the failure to promote, a reassignment that would result in significantly different responsibilities, or a decision causing a significant change in benefits.

A significant change in benefits must result in objectively tangible harm.  An employee must experience materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities to constitute such an objectively tangible harm. Purely subjective harms, such as public humiliation or loss of reputation, are not sufficient to constitute an adverse action.

## "Because of" Her Race or Sex

The second element of her discrimination claim that Ms. Chien must prove is that she was denied the temporary duty assignment in 2016 in Kuala Lumpur because of her race (Asian) or sex (female).

"Because of" in this context means that Ms. Chien's race or sex was the "but-for" cause of the denial of the temporary duty assignment.  In other words, she must prove that but for her race or sex she would have received the temporary duty assignment.

To be a "but-for" cause does not mean, however, that Ms. Chien was denied the temporary assignment solely on the basis of her race or sex.  Rather, it means that sex or race must have been a determinative factor in the denial.

### Discriminatory Motive or Intent

With regard to intent, Ms. Chien must show that the State Department intentionally discriminated against her on the basis of her race or sex.  An act is intentional if it is done voluntarily and not by mistake.

However, Ms. Chien is not required to produce direct evidence of intentional discrimination.  She may prove her claims with circumstantial evidence.  Ms. Chien also does not have to offer a particular type or types of circumstantial evidence to prove defendant's intent to discriminate against her.  Examples of circumstantial evidence from which you could infer, but do not have to infer, discrimination could be that the defendant's explanation is unworthy of credence, or that the defendant's witnesses contradicted themselves and each other in explaining the action taken against Ms. Chien.

You may infer intentional discrimination from the existence of other facts. Because the Department of State is an organization, you may consider the motives, actions, and procedures of the organization, including those of its employees who participated, influenced, or played a role in the decisions that Ms. Chien challenges when determining whether discriminatory intent existed.

You may infer, but do not have to infer, from such evidence that defendant's intent was to discriminate against Ms. Chien.  As with all evidence in this case, what weight you give to this evidence, and what inferences you choose to draw, are entirely up to you.

### Defendant's Explanation

In considering whether Ms. Chien has established that she was denied the temporary duty assignment in 2016 in Kuala Lumpur because of her race or sex you may consider the defendant's

13

stated explanation for the decision.  Even if an employer is mistaken and its business judgment is wrong, an employer is entitled to make its own policy and business judgments. An employer may make employment decisions for any reason, whether good or bad, as long as it does not do so for unlawful, discriminatory reasons. It is not your function to second-guess the wisdom of any employment decision affecting Ms. Chien. Thus, even if you personally disagree with the employment decision that was made, unless you find that discrimination was a reason for that decision, then you must return a verdict in the defendant's favor.

### Pretext

If you do not believe defendant's explanation for its decision not to select her for the temporary duty assignment in 2016, then you may, but need not, infer discrimination on the basis of race or sex.

Unlawful discrimination is not necessarily established just because you disbelieve the defendant's explanation. But, if you believe that the defendant's explanation was, in fact, a pretext or cover-up for discriminating against the plaintiff because of her race or sex, then you should find for the plaintiff.

### Changed or Inconsistent Explanations

A jury may infer discrimination from changes and inconsistencies in an employer's given reasons for a contested employment action.  If you find that Defendant has provided a false rationale, or shifting rationales, for the decision not to select Ms. Chien for the temporary duty assignment in 2016 in Kuala Lumpur, you may infer, but are not required to infer, that the reason for the denial was because of her race or sex.

### Relative Qualifications

In this case, Mr. Chien contends that she has established pretext because her qualifications were superior to those of the person selected, Mr. Bjelacac.

In general, selecting "significantly" less qualified individuals for a position is not something that employers usually do, unless some other strong consideration, such as discrimination, enters into the picture.  A disparity in qualifications that is "marked," "substantial" or "significant" can, standing alone, support a finding of discrimination.

If you conclude that a reasonable employer would have found Ms. Chien to be "significantly" better qualified than Mr. Bjelacac for the Kuala Lumpur Temporary Duty Assignment, you may, but need not, infer that the Department of State intentionally discriminated against Ms. Chien.

Even if you do not conclude that Ms. Chien was "significantly" better qualified than Mr. Bjelacac for the assignment, but you find that her qualifications were in any way superior to those of Mr. Bjelacac, then you can consider this evidence, combined with other evidence in the case, as evidence of pretext and discrimination.

### Elements of a Retaliation Claim & Retaliation, Generally

I will now instruct you on the elements of Ms. Chien's retaliation claims.

To prove retaliation, Ms. Chien must show by a preponderance of the evidence:

First, she engaged in a prior protected activity;

Second, she was subjected to a materially adverse employment action; and

Third, but for her prior protected activity, Ms. Chien would not have been subjected to a materially adverse action.

If you find that Ms. Chien has proved all three elements of her retaliation claim by a preponderance of evidence, then your verdict should be for Ms. Chien.  If, on the other hand, Ms. Chien has failed to prove any of these elements by a preponderance of evidence, your verdict should be for the Department of State.

In this case, there is no dispute that Ms. Chien engaged in a prior protected activity on three occasions: (1) when she initiated contact with an EEO counselor and submitted an informal complaint on November 2, 2012, and (2) when she submitted a formal complaint of discrimination on December 12, 2012, and (3) when she brought an informal complaint of discrimination to the Deputy Chief of Mission at the U.S. Embassy in Jakarta on March 7 or 8, 2016.

The parties dispute, however, whether the amount of scrutiny she received during the 2013 security clearance investigation or the assignment of multiple duty weeks was a materially adverse employment action.

The parties further dispute whether there was a causal connection between Ms. Chien's prior protected activity and the amount of scrutiny she received during the 2013 security clearance investigation or the number of times she was placed on the duty schedule while she was assigned to the U.S. Embassy in Jakarta in 2016.

<u>**Adverse Action**</u>

The parties dispute whether Ms. Chien suffered a materially adverse action. A materially adverse action is one that might well have dissuaded or discouraged a reasonable person in the plaintiff's position from complaining about discrimination or retaliation. A reasonable employee might well be dissuaded from filing an EEO complaint if she thought that her employer would retaliate by burying her in work. Petty slights, minor annoyances, and simple lack of good manners will not create such deterrence.

If you find that the amount of scrutiny that Ms. Chien received during the security clearance investigation in 2013 and the number of times she was placed on the duty schedule while assigned to the U.S. Embassy in Jakarta were not materially adverse actions, you must find for the defendant on the retaliation claim. On the other hand, if you conclude that one or both of those decisions

16

constituted a materially adverse employment action, then you must consider whether Ms. Chien has proven by a preponderance of the evidence that there was a causal connection between that decision and her protected activities.

### Retaliation – Causation

The parties further dispute whether there was a causal connection between Ms. Chien's prior protected activity and any materially adverse action taken by the Department of State. Ms. Chien must show that the materially adverse action would not have occurred had she not engaged in protected activity or been perceived to have engaged in protected activity.  In this case, Ms. Chien claims that she received extra scrutiny during her security clearance investigation in 2013 because of her EEO activity in November and December 2012, and that her supervisor placed her on extra duty weeks while she was assigned to the U.S. Embassy in Jakarta in 2016 because she engaged in prior protected activity in March 2016.

Ms. Chien need not prove causation through direct evidence. A causal connection between the materially adverse action and Ms. Chien's protected activities can be shown in many ways, including but not limited to the following:

You may consider the amount of time that passed between Ms. Chien's protected activities and the adverse action.

You may consider any legitimate reason or explanation stated by the Department of State for the amount of scrutiny Ms. Chien's application received during her security clearance investigation or for placing her on the duty schedule while she was assigned to the U.S. Embassy in Jakarta.

You may consider words or actions directed toward Ms. Chien before, during, or after any of the challenged actions.

Ultimately, based on the evidence admitted, you must decide whether the amount of scrutiny Ms. Chien received during the security clearance investigation in 2013, and whether her placement on the duty schedule while assigned to the Embassy in Jakarta in 2016 would not have occurred if she had not engaged in protected activities. Ms. Chien bears the burden of proving retaliation. Defendant is not required to prove that it did not intentionally retaliate against her.

### The Department's Explanation and Plaintiff's Theory of Pretext

The Department of State asserts that it had legitimate, non-retaliatory reasons for the amount of scrutiny that Ms. Chien received during the security clearance investigation in 2013 and the number of times she was placed on the duty schedule while assigned to the U.S. Embassy in Jakarta in 2016. If the Department of State articulates legitimate, non-retaliatory reasons for its decisions, and if you believe those reasons, your verdict must be for the Department of State.

On the other hand, if you conclude that the Department of State's reasons for the amount of scrutiny that Ms. Chien received during the security clearance investigation in 2013 or for the number of times she was placed on the duty schedule while assigned to the U.S. Embassy in Jakarta in 2016 are not true, you may (but are not required to) infer that the Department's reasons are a pretext for retaliation. A pretext is a false or weak reason or motive advanced to hide the actual reason or motive for an action. You should review the totality of the evidence in determining whether the Department's reasons for the challenged actions are pretextual, but Ms. Chien does not need to disprove every reason provided by Defendant to prove pretext. If you find that the Department's reasons for its actions are pretextual, you must then decide whether the real reason was to retaliate against Ms. Chien.

If you find that the Department of State's reasons were pretextual, and that the Department acted to retaliate against Ms. Chien, your verdict must be for Ms. Chien. However, if you find that

the stated reasons were untrue, but that the real reasons were not retaliatory, then you must enter a verdict for the Department of State.

## Handwritten Interview Notes

You have heard testimony about handwritten notes taken during various security clearance interviews that were destroyed after Ms. Chien complained about the conduct of the investigation. Ms. Chien may argue that this evidence was in Defendant's control and would have proved facts material to the matter in controversy.

If you find that Defendant should have preserved this evidence, and that this evidence was within Defendant's control, and that this evidence would have been material in deciding among the facts in dispute in this case, then you are permitted, but not required, to infer that the evidence would have been unfavorable to Defendant.

In determining whether to draw this inference, you should consider whether all of the destroyed evidence would merely have duplicated other evidence already presented by Defendant. You may also consider whether Defendant had a valid reason for not producing this evidence, which was explained to your satisfaction. Again, any inference you decide to draw should be based on all of the facts and circumstances in this case.

## Retaliatory Motive or Intent

With regard to intent, Ms. Chien must show that the defendant intentionally retaliated against her for her prior protected activity. An act is intentional if it is done voluntarily and not by mistake.

However, Ms. Chien is not required to produce direct evidence of intentional retaliation. She may prove her claims with circumstantial evidence. Ms. Chien also does not have to offer a particular type or types of circumstantial evidence to prove defendant's intent to retaliate against her. Examples of circumstantial evidence from which you could infer, but do not have to infer,

retaliation could be that the defendant's explanation is unworthy of credence, or that the defendant's witnesses contradicted themselves and each other in explaining the action taken against Ms. Chien.

You may infer intentional retaliation from the existence of other facts. Because the Department of State is an organization, you may consider the motives, actions, and procedures of the organization, including those of its employees who participated, influenced, or played a role in the decisions that Ms. Chien challenges when determining whether retaliatory intent existed.

You may infer, but do not have to infer, from such evidence that defendant's intent was to retaliate against Ms. Chien.  As with all evidence in this case, what weight you give to this evidence, and what inferences you choose to draw, are entirely up to you.

## When to Award Damages

If you find in favor of Ms. Chien on either her claim of retaliation or discrimination, or both, then you must determine an amount that is fair compensation for the harm she experienced.

## Compensatory Damages

I am now going to instruct you about how to calculate damages. You should not consider the fact that I am giving you this instruction as suggesting any view of mine as to which party is entitled to your verdict in this case, or that I think you should award damages. Those decisions are entirely for you to make. I am giving you these instructions solely for your guidance, in the event that you find in favor of Ms. Chien on her discrimination or retaliation claim and you decide to award her damages.

The burden of proof is upon the plaintiff to establish all elements of her damages by a preponderance of the evidence.  Ms. Chien must prove her damages with reasonable certainty.  An injury or damage is caused by an act when the act was a substantial contributing factor in causing the injury or damage.  Only an act that you find to have been discriminatory or retaliatory can

support an award of damages.  This does not require mathematical precision.  Therefore, you may not award damages that were caused by any other action or inaction by the State Department or otherwise.

You may award money damages for mental pain, emotional distress, or loss of reputation, and other non-monetary losses, but only if you find, by a preponderance of the evidence, that those losses were caused because (1) she was denied a temporary duty assignment in 2016 based on her race or sex, or (2) she received extra scrutiny during her security clearance investigation in 2013 or her placement on the duty schedule in 2016 in retaliation for her prior protected activities.  No evidence of the monetary value of such intangible things as mental pain, emotional distress, or loss of reputation has been, or need be, introduced into evidence. There is no exact standard for fixing the monetary compensation to be awarded for these elements of damage.

Conduct causes harm if it plays a substantial part in bringing about the harm. In addition, the harm must be either a direct result or a reasonably probable consequence of the conduct. You may award damages for future harm so long as Ms. Chien shows that her injuries will probably continue.  If you find that the Department of State's conduct caused only part of Ms. Chien's detriment or harms, then the Department of State is liable to pay compensation only for that part of her detriment or harms.

In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing the amount of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, prejudice, speculation, or guesswork. On the other hand, the law does not require that a plaintiff prove the amount of her losses with mathematical precision, but only to a reasonable certainty. The damages that you award must be fair compensation, no more and no less.

Your award of compensatory damages must not include any amounts for loss of pay or benefits or attorney's fees. The award of any amounts for pay, benefits and attorney's fees, if appropriate, is for the Court to decide.

Further, you may not award damages to Ms. Chien for any inconvenience or stress induced by the prosecution and litigation of her claim. A defendant has the right to defend itself, and therefore a plaintiff may not recover for any inconvenience or stress caused by bringing, asserting, arguing, defending, or otherwise litigating the claim.

Finally, you may not award any punitive damages in this case. Thus, you may not base any monetary award on a desire to punish the defendant, to prevent unlawful conduct from being repeated in the future, or to warn other employers not to engage in unlawful conduct.

Any monetary award that you make must be calculated solely to provide fair compensation to Ms. Chien for her actual injuries caused by unlawful retaliation or discrimination, and on no other basis.

### Nominal Damages

If you return a verdict for Ms. Chien, but you find that she has failed to prove mental pain, emotional injury, or loss of reputation and therefore is not entitled to compensatory damages, then you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no mental pain, emotional injury, or loss of reputation. Nominal damages of $ 1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find mental pain, emotional injury, or loss of reputation, then you must award Ms. Chien compensatory damages based on what I have already told you, rather than just nominal damages.

You have now heard the parties' closing arguments.  Before you start your deliberations, I have a few more final instructions.

## Selection of Foreperson

When you return to the jury room, you should first select a foreperson to preside over your deliberations and to be your spokesperson here in court. There are no specific rules regarding how you should select a foreperson. That is up to you. However, as you go about the task of selecting a foreperson, be mindful of your mission to reach a fair and just verdict based on the evidence. Consider selecting a foreperson who will be able to facilitate your discussions, who can help you organize the evidence, who will encourage civility and mutual respect among all of you, who will invite each juror to speak up regarding his or her views about the evidence, and who will promote a full and fair consideration of that evidence.

## Cautionary Instruction on Publicity, Communication and Research

As you retire to the jury room to deliberate, I also wish to remind you of another instruction I gave you at the beginning of the trial. During deliberations, you may not communicate with anyone not on the jury about this case. This includes any electronic communication such as email or text or any blogging about the case. In addition, you may not conduct any independent investigation during deliberations. This means you may not conduct any research in person or electronically via the internet or in another way.

## Communications Between Court and Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me, you may send a note to me through the clerk or one of the Marshals, signed by your foreperson or by one or more members of the jury. No member of the jury should ever try to communicate with me except by

such a signed note, and I will never communicate with any member of the jury on any matter concerning the merits of this case, except in writing or orally here in open court.

Bear in mind also that you are never, under any circumstance, to reveal to any person—not the clerk, the Marshal, or me—how jurors are voting until after you have reached a unanimous verdict. This means that you should never tell me, in writing or in open court, how the jury is divided on any matter—for example, 4-4, 3-5, or 7-1, or in any other fashion— whether the vote favors the plaintiff or the defendant, or on any other issue in the case.

### Unanimity and Duty to Deliberate

The verdict must represent the considered judgment of each juror. In order to return a verdict, your verdict must be unanimous—that is, each juror must agree to the verdict.

Each of you has a duty to consult with other jurors in an attempt to reach a unanimous verdict. You must decide the case for yourself, and you should not surrender your honest beliefs about the effect or weight of evidence merely to return a verdict or solely because of other jurors' opinions. However, you should seriously consider the views of your fellow jurors, just as you expect them seriously to consider your views, and you should not hesitate to change an opinion if you are convinced by other jurors.

Remember that you are not advocates but neutral judges of the facts. You will make an important contribution to the cause of justice if you arrive at a just verdict in this case. Therefore, during your deliberations, your purpose should not be to support your own opinion but to determine the facts.

### Beginning of Deliberations

The attitude and conduct of jurors at the beginning of their deliberations are matters of considerable importance.  It may not be useful for a juror, at the start of deliberations, to announce a determination to stand for a particular verdict. When a juror announces a firm position at the

outset, the juror may hesitate to back away after discussion with other jurors.

Furthermore, many juries find it useful to avoid a vote at the very beginning of deliberations. Calmly reviewing and discussing the case is often a more useful way to begin. Remember that you are not partisans or advocates, but judges of the facts.

### Note-Taking By Jurors

During the trial, I have permitted those jurors who wanted to do so to take notes. You may take your notebooks with you to the jury room and use them during your deliberations if you wish. As I told you at the beginning of the trial, your notes are only to be an aid to your memory. They are not evidence in the case, and they should not replace your own memory of the evidence. The notes are intended to be for the note-taker's own personal use. You therefore should not read your notes aloud or show them to your fellow jurors. Those jurors who have not taken notes should rely on their own memory of the evidence.

### Exhibits During Deliberations

I will be sending the exhibits that have been admitted into evidence into the jury room with you. You may examine any or all of them as you consider your verdict.  Please keep in mind that exhibits that were only marked for identification but were not admitted into evidence will not be given to you to examine or consider in reaching your verdict.

### Furnishing the Jury with a Copy of the Instructions

I will provide you with a written copy of my instructions. During your deliberations, you may, if you want, refer to these instructions. While you may refer to any particular portion of the instructions, you are to consider the instructions as a whole and you may not follow some and ignore others. If you have any questions about the instructions, you should feel free to send me a note. Please return the written instructions to me after your verdict is rendered.

### Verdict Form Explanation

You will be provided with a Verdict Form for use when you have concluded your deliberations. The form is not evidence in this case, and nothing in it should be taken to suggest or convey any opinion by me as to what the verdict should be.

Nothing in the form replaces the instructions of law I have already given you, and nothing in it replaces or modifies the instructions about the elements which Ms. Chien must prove by a preponderance of the evidence. The form is meant only to assist you in recording your verdict.

### Delivering the Verdict

When you have reached your verdict, send me a note—signed by the foreperson—telling me you have reached your verdict. Do not tell me in the note what your verdict is.  The foreperson should fill out and sign the verdict form. I will then call you into the courtroom and ask the foreperson for the verdict form and for your verdict.

At this time you may retire to begin your deliberations.