THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPHINE CHIEN, )<br>)<br>      *Plaintiff*, )<br>v. )<br>)<br>ANTONY J. BLINKEN, )<br>SECRETARY OF STATE )<br>)<br>      *Defendant*. ) | Civil Action No. 16-1583 (APM) |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF JOSEPHINE CHIEN'S MOTION FOR RECONSIDERATION AND TO AMEND VERDICT ON THE KUALA LUMPUR DISCRIMINATION CLAIM**

After a seven-day trial and three days of deliberation, the jury found that the State Department discriminated against Plaintiff Josephine Chien on account of her race or sex. (Docket Entry ("DE") 101 at 1.) Following the Court's instructions and completing the verdict form, the jury found for the Defendant on the discrimination claims, because the denial of the temporary duty assignment in Kuala Lumpur, although discriminatory, did not constitute a materially adverse action as defined by the Court based upon the D.C. Circuit's view of the law, at the time of trial to prove discrimination claims.

In *Chambers v. District of Columbia*, No. 19-7098, 2022 U.S. App. LEXIS 15372 (D.C. Cir. June 3, 2022), the D.C. Circuit, sitting *en banc*, has clarified that plaintiffs do not need to prove materially adverse action in Title VII discrimination claims: the inquiry ends with the finding of discrimination. *Id.* at *7-8. In so doing, the Court overruled *Brown*'s holding that a plaintiff be required to show "objectively tangible harm." *Id.* Considering this clarification of Title VII law, Plaintiff Chien has proven all she is required to prove on her discrimination claim, and judgment as a matter of law must be entered on behalf of the Plaintiff. And the Court has

1

heard all of the evidence on this discrimination and is well-positioned to order any relief available and appropriate, and no further testimony or evidence is necessary.

## FACTUAL BACKGROUND

This Title VII cases arises from Plaintiff Josephine Chien's experience working as an Assistant Regional Security Officer ("ARSO") for the Department of State's Bureau of Diplomatic Security Service. (Docket Entry ("DE") 19, Sec. Am. Compl. (8/8/2017) at ¶9.) Among Ms. Chien's claims was an allegation that she was denied a temporary duty assignment in Kuala Lumpur while she was the ARSO in Jakarta and that this assignment was given to a junior white, male agent, Mike Bjelajac. (*See id. generally.*)

Trial commenced on February 28, 2022. Important here, Plaintiff Chien put on evidence of the nature of the Kuala Lumpur assignment—(1) that it would require travel to another country; (2) that it would be career enhancing; (3) that her qualifications for the assignment were superior to those of Bjelajac; (4) the Department's efforts to cover up Bjelajac's selection; and (5) that supervisor Jim Murphy admitted he had looked for the "best guy" to send. (*See*, *e.g.*, Afternoon, 3/1/2022, Tr. at 45:15-56:16; Morning, 3/7/2022, Tr. at 56:4-5 ("I gave them all fair consideration. I looked at who was the best guy to send at that time.")[1]

Ultimately, after Defendant put on its defense and Ms. Chien presented her rebuttal, and the Defendant again moved for a judgment as a matter of law, the case went to the jury. The jury took with them jury instructions to which the Defendant lodged no objections (DE 95, Final Jury Instructions (3/8/2022)) and came back with a discerning verdict finding retaliation on Ms. Chien's duty week claim and a finding that the Defendant discriminated against Ms. Chien on the basis of race or sex in the Kuala Lumpur temporary duty assignment claim. (DE 101, Verdict (3/10/2022).)

---

[1] The full trial transcript has been submitted as DE 107-1.

*The Jury Instructions*

As is important to this motion, the jury deliberated with the following instructions:

### **Elements of a Discrimination Claim**

I will first instruct you on the elements of Ms. Chien's discrimination claim.

To establish her discrimination claim, Ms. Chien must prove two elements by a preponderance of the evidence:

First, she suffered an adverse employment action.

Second, she suffered the adverse employment action because of her race (Asian) or sex (female).

If you find that Ms. Chien has proved both elements of her discrimination claim by a preponderance of evidence, then your verdict should be for Ms. Chien. If, on the other hand, Ms. Chien has failed to prove either of these elements by a preponderance of evidence, your verdict should be for the Department of State.

In this case, the parties dispute whether the denial of a temporary duty assignment in 2016 was an adverse employment action. The parties also dispute whether the denial of that duty assignment was because of Ms. Chien's race or sex.

### **Adverse Action**

The first element of her discrimination claim that Ms. Chien must prove is that the denial of the temporary duty assignment in 2016 in Kuala Lumpur was an adverse action.

An adverse action in employment is a significant change in employment status. That includes, but is not limited to, hiring, firing, the failure to promote, a reassignment that would result in significantly different responsibilities, or a decision causing a significant change in benefits.

A significant change in benefits must result in objectively tangible harm. An employee must experience materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities to constitute such an objectively tangible harm. Purely subjective harms, such as public humiliation or loss of reputation, are not sufficient to
constitute an adverse action.

(DE 95 (Final Jury Instructions (3/8/2022) at 11-12.)

With those instructions setting forth then-controlling Circuit standards for a materially adverse employment action, the jury considered the testimony and exhibit presented and found:

(1) That the temporary duty assignment to Kuala Lumpur was not an adverse action;
(2) That "Josephine Chien has proved by a preponderance of the evidence that the State Department discriminated against her on the basis of her race (Asian) or sex (female) when it denied her a temporary duty assignment to Kuala Lumpur in 2016";
(3) That "Josephine Chien has proved by a preponderance of the evidence that any extra duty weeks she was assigned in 2016, while assigned to the U.S. Embassy in Jakarta, Indonesia, were a materially adverse action"; and
(4) That "Josephine Chien has proved by a preponderance of the evidence that the State Department retaliated against her for participating in protected activity by assigning her extra duty weeks while she was assigned to the U.S. Embassy in Jakarta, Indonesia, in 2016."

(DE 101.)

**STANDARD OF REVIEW**

A Rule 59(e) motion is discretionary and need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice. *City of Dover v. United States EPA*, 40 F. Supp. 3d 1, 4 (D.D.C. 2013). Thus, while "Rule 59 'is not a vehicle for relitigating old issues, presenting the case under new theories, or securing a rehearing on the merits,'" it requires that the Court revisit its decisions when there has been a change in controlling law. *See Ames v. Nielsen,* No. 13-cv-01054 (APM), at *2-3 (D.D.C. Nov. 2, 2018) (*quoting Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *City of Dover*, 40 F. Supp. 3d at 4. An intervening change in law warrants consideration under Rule 60(b)(1). *Computer Pros. for Soc. Resp. v. U.S. Secret Serv.*, 72 F.3d 897, 902 (D.C. Cir. 1996), *amended* (Feb. 20, 1996).

4

## ARGUMENT

## *CHAMBERS* ELIMINATED THE MATERIALITY STANDARD FOR ADVERSE ACTIONS WHERE TERMS AND CONDITIONS OF EMPLOYMENT HAVE BEEN ALTERED

There is no "intervening change in controlling law" plainer than an *en banc* decision from the D.C. Circuit which fundamentally alters the standard for what constitutes an adverse action under Title VII upon which the verdict was rendered. In this Circuit, since *Brown v. Brady*, 199 F.3d 446 (D.C. Cir. 1999), until *Chambers v. District of Columbia*, the courts have required Title VII plaintiffs to prove they have suffered "objectively tangible harm" to demonstrate that they have suffered a legally cognizable harm under the statute. *Chambers v. District of Columbia*, No. 19-7098, 2022 U.S. App. LEXIS 15372, at *2 (D.C. Cir. June 3, 2022).

The *en banc* Court explicitly overruled *Brown*, returned to the statutory text of Title VII, and found that alterations of the terms and conditions of employment meets the standard. *Chambers*, 2022 U.S. App. LEXIS 15372, at *5:

> Once it has been established that an employer has discriminated against an employee with respect to that employee's "terms, conditions, or privileges of employment" because of a protected characteristic, the analysis is complete. The plain text of Title VII requires no more. Any additional requirement, such as *Brown*'s demand for "objectively tangible harm," is a judicial gloss that lacks any textual support.

*Id*, at *7-8. That there has been an intervening change in controlling law is not in doubt. Nor is there any question that this change affects the outcome of Ms. Chien's discrimination claim based on the Kuala Lumpur temporary duty assignment (and rules out setting aside the verdict on the retaliation claim in which she prevailed).

It is undisputed between the parties that Ms. Chien was not selected for a temporary duty assignment to Kuala Lumpur while she was stationed in Jakarta, Indonesia. The only disputes

5

were whether the denial of this assignment was motivated by discrimination and whether the denial of the assignment was materially adverse.

Consistent with *Brown*, and inconsistent with *Chambers*, the jury was instructed that to be an adverse action, there must be:

> a significant change in employment status. That includes, but is not limited to, hiring, firing, the failure to promote, a reassignment that would result in significantly different responsibilities, or a decision causing a significant change in benefits.
>
> A significant change in benefits must result in objectively tangible harm. An employee must experience materially adverse consequences affecting the terms, conditions, or privileges of employment or future employment opportunities to constitute such an objectively tangible harm. Purely subjective harms, such as public humiliation or loss of reputation, are not sufficient to constitute an adverse action.

(DE 95 at 11-12.) This is no longer an accurate statement of the law. All that Ms. Chien need to show to establish an adverse action is that a temporary duty assignment is a "term, condition, or privilege of employment." *Chambers*, 2022 U.S. App. LEXIS 15372, at *5.

A temporary duty assignment, as a matter of law, is a term, condition, or privilege of employment. A temporary duty assignment is a change in where the employee would work and what duties she would perform. "[T]he transfer of an employee to a new role, unit, or location . . . undoubtedly is included" in the definition of terms and conditions of employment. *Chambers*, 2022 U.S. App. LEXIS 15372, at *6. That the reassignment is temporary goes to whether it is materially adverse, which is no longer a consideration in the analysis of whether there is an adverse action.

Accordingly, there is no dispute over the material fact that Ms. Chien was denied a temporary duty assignment and that the assignment would have placed Ms. Chien in a new location and role. The denial of the assignment is an adverse action as a matter of law. *Res judicata*

prohibits a challenge to the jury's determination that the denial of the temporary duty assignment was based on discrimination (DE 101). Accordingly, Ms. Chien is entitled to judgment on this claim.

## CONCLUSION

Plaintiff respectfully requests that the Court grant her Motion in its entirety, enter judgment in Plaintiff's favor on her discrimination claim related to the denial of a temporary duty assignment in Kuala Lumpur, and order appropriate make-whole relief.

DATE: June 16, 2022                              Respectfully Submitted,

*/s/ Geoffrey H. Simpson*
Geoffrey H. Simpson, D.C. Bar #988437
Bruce A. Fredrickson, D.C. Bar #933044
Webster & Fredrickson, PLLC
1101 Connecticut Avenue, NW, Suite 402
Washington, DC 20036
(202) 659-8510
gsimpson@websterfredrickson.com

Kel McClanahan, D.C. Bar #984704
National Security Counselors
4702 Levada Terrace,
Rockville, MD 20853
Kel@NationalSecurityLaw.org
(301) 728-5908
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 16, 2022, PLAINTIFF JOSEPHINE CHIEN'S MOTION FOR RECONSIDERATION AND TO AMEND VERDICT ON THE KUALA LUMPUR DISCRIMINATION CLAIM and proposed order, were electronically filed with the Clerk of Court using the CM/ECF system that will automatically send email notification of such filing to all counsel of record.

*/s/ Geoffrey H. Simpson*
Geoffrey H. Simpson, D.C. Bar #988437
Webster & Fredrickson, PLLC
1101 Connecticut Avenue, NW, Suite 402
Washington, DC 20036
(202) 659-8510
gsimpson@websterfredrickson.com
***Counsel for Plaintiff***