**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOSEPHINE CHIEN**, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 16-1583 (APM) |
| **ANTONY J. BLINKEN**, SECRETARY OF STATE | ) |
| *Defendant*. | ) |

**JOINT STATUS REPORT**

Come now the parties, Plaintiff Josephine Chien and Defendant Antony Blinken, and submit the following Joint Status Report pursuant to the November 16, 2023 Minute Order.

By Minute Order entered on November 20, 2023, the Court directed the parties to mediation before Magistrate Judge Meriweather. ECF No. 130. The parties were unable to commence mediation due to scheduling issues and were similarly unable to agree on mutually acceptable language for this Report. Accordingly, each of the parties presents its position below:

Defendant's Position: Because Judge Merriweather is not available for mediation until May 2024, Plaintiff requested that the Parties participate in the Circuit Mediation Program and Defendant consented. Plaintiff insists that mediation must occur in January 2024. But Government Counsel is unable to engage in mediation before February 6, 2024, due to scheduling conflicts and press of other litigation obligations. In fact, Government Counsel made himself available to mediate during a period of time when he would be on leave and needed some additional time to confirm Agency Counsels' and settlement authority's availability. In addition, Government Counsel was assigned to this case post-trial and has a steep learning curve to get up to speed.

The Parties are at an impasse regarding a mediation date. While Defendant has attempted to accommodate Plaintiff's preference for the earliest possible mediation date and therefore agreed to participate in the Circuit Mediation Program, Government Counsel cannot ignore its preexisting litigation obligations.

Plaintiff's position: Plaintiff engaged in a good faith attempt to schedule mediation, first with Magistrate Judge Meriweather and then, upon being advised that Judge Meriweather was not available until May 2024, with the D.C. Circuit's Mediation Program. Despite Plaintiff's efforts, Defendant's lackadaisical approach to scheduling (such as taking a week to decide whether to agree to referral to the Circuit Program and then insisting that it could not participate until the end of February because its undersigned counsel was personally unavailable, despite being advised that a mediator was available the week of January 22) caused such delays in the scheduling that the process could not *begin* until February 6, which would make the end of the process too distant for satisfactory resolution given the ongoing harm that Plaintiff continues to suffer. Accordingly, Plaintiff made the difficult choice to terminate the mediation process, and she respectfully requests that the Court rule on the pending motions.

DATE: January 16, 2023                           Respectfully Submitted,

*/s/ Geoffrey H. Simpson*
Geoffrey H. Simpson, D.C. Bar #988437
Bruce A. Fredrickson, D.C. Bar #933044
Webster & Fredrickson, PLLC
1101 Connecticut Avenue, NW, Suite 402
Washington, DC 20036
(202) 659-8510
gsimpson@websterfredrickson.com

        Kel McClanahan, D.C. Bar #984704
        National Security Counselors
        4702 Levada Terrace,
        Rockville, MD 20853
        Kel@NationalSecurityLaw.org
        (301) 728-5908

        *Counsel for Plaintiff*

        MATTHEW M. GRAVES, D.C. Bar #481052
        United States Attorney

        BRIAN P. HUDAK
        Chief, Civil Division

        By:   /s/
        KENNETH ADEBONOJO
        Assistant United States Attorney
        601 D Street, NW
        Washington, DC 20530
        (202)252-2562

        *Attorneys for the United States of America*