THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPHINE CHIEN**, ) | |
| ) | |
| *Plaintiff*, ) | |
| v. ) | Civil Action No. 16-1583 (APM) |
| ) | |
| **MARCO RUBIO**, ) | |
| SECRETARY OF STATE ) | |
| ) | |
| *Defendant*. ) | |

**PLAINTIFF'S OPENING BRIEF ON APPLICABLE ISSUES**

Comes now the Plaintiff, Josephine Chien, to address issues discussed at the December 9, 2025, status conference pertaining to the upcoming trial in this matter. Plaintiff specifically addresses the following issues, as ordered by the Court:

1. The scope of the trial given the jury's previous finding that discrimination had occurred but that the denial of a temporary assignment was not an adverse action.

2. The application of the statutory cap on compensatory damages to multiple distinct events in a case.

As addressed herein, the scope of the upcoming trial should be limited to a partial trial, addressing the sole issue necessitating the trial: whether or not a temporary duty assignment constituted a "term, condition, or privilege of employment."

With respect to the application of the statutory cap on compensatory damages to multiple distinct events in a case, compensatory damages caps have traditionally covered all claims in a case. However, the statute governing the compensatory damages cap does not preclude damages from being awarded from a separate claim.

    **I.**    **The Court Should Hold A Partial New Trial Only On The Issue of Whether The Temporary Duty Assignment Is A "Term, Condition, or Privilege of Employment."**

1

The sole issue that necessitated the need for a new trial was the intervening change of applicable law, caused by the *en banc* decision by the D.C. Circuit Court in *Chambers v. District of Columbia*, 457 U.S. App. D.C. 74, 77, 35 F.4th 870, 873 (2022) and the Supreme Court decision in *Muldrow v. City of St. Louis*, 601 U.S. 346, 144 S. Ct. 967 (2024). *See Chien v. Rubio*, No. 16-cv-01583 (APM), 2025 U.S. Dist. LEXIS 229800, at *4 (D.D.C. Nov. 21, 2025). That intervening change of law altered the standard for what constitutes an adverse action, now requiring only that Ms. Chien establish that a temporary duty assignment constituted a "term, condition, or privilege of employment." *Id.* at *5. This intervening change of law does not impact the issue of whether Defendant's denial of Ms. Chien's temporary duty assignment constituted an act of discrimination on the basis of her sex. Docket Entry 101 (Verdict). In such circumstances, a partial trial addressing the impacted issue only is appropriate.[1]

> a. **Legal Standard**

The Supreme Court has long held that "where the requirement of a jury trial has been satisfied by a verdict . . . that requirement does not compel a new trial of [one particular] issue even though another and separable issue must be tried again." *Gasoline Prods. Co. v. Champlin Ref. Co.*, 283 U.S. 494, 499, 51 S. Ct. 513, 75 L. Ed. 1188 (1931).

> A district court's authority to structure a retrial, codified in Federal Rule of Civil Procedure 59, turns on two key questions: First, are the issues to be retried sufficiently distinct from resolved issues so that only those issues may be presented to a jury without causing undue confusion or prejudice? Second, did the error necessitating retrial affect the earlier determinations on issues that might otherwise be treated as resolved?

*United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 865 F. Supp. 2d 1 (D.D.C. 2011).

A partial trial can be ordered by the Court when it is clear that the issue to be retried is "so distinct and separable from the others that a trial of it alone may be had without injustice."

---

[1] It is also appropriate to address damages, as potentially warranted.

*Camalier & Buckley-Madison, Inc. v. Madison Hotel, Inc.*, 513 F.2d 407, 421, 168 U.S. App. D.C. 149 (D.C. Cir. 1975) (quoting *Gasoline Prods.*, 283 U.S. at 500).

The question of whether the error necessitating retrial affects the earlier determinations on issues that might otherwise be treated as resolved, "invokes efficiency interests, in pursuit of which a court may limit future proceedings 'to prevent the retrial of any issue already *properly* decided.'" *United States ex rel. Miller*, 865 F. Supp. 2d at 8 (quoting *Armstrong v. Burdette Tomlin Mem'l Hosp.*, 276 F. Supp. 2d 264, 276 (D.N.J. 2003)).

### b. Interests of Efficiency And Preserving Properly Decided Issues Weigh Heavily in Favor of Limiting The Scope of The New Trial.

The issue impacted by the intervening change in controlling law—which necessitated the retrial—is entirely distinct from the resolved issue of whether or not Ms. Chien was subjected to discrimination. A jury is capable of determining whether or not the temporary duty assignment at issue constituted a "term, condition, or privilege of employment" without any knowledge of whether or not Plaintiff suffered discrimination as a result of the temporary duty assignment. The jury's decision-making regarding the denial of the temporary duty assignment would not benefit from hearing entirely separate evidence regarding the issue of Defendant's discriminatory motive against Ms. Chien—an issue which has already been properly decided by jury during the initial trial. Docket Entry 101 (Verdict). In fact, adding an additional and distinct issue for the jury to consider will only serve to cause additional confusion for the jury. Therefore, there is no prejudice whatsoever in limiting the scope of the issues for the new trial in this way.

Additionally, the issue necessitating the need for retrial did not "affect the earlier determinations on issues that might otherwise be treated as resolved." *United States ex rel. Miller v. Bill Harbert Int'l Constr., Inc.*, 865 F. Supp. 2d 1, 8 (D.D.C. 2011). The intervening change in controlling law solely impacts the issue of whether the directed reassignment constituted a term,

3

condition, or privilege of employment, and whether Ms. Chien suffered as a result of the denial. *Chambers*, 457 U.S. App. D.C. 74, 77, 35 F.4th 870, 873 (2022); *Muldrow v. City of St. Louis*, 601 U.S. 346, 144 S. Ct. 967 (2024). Not retrying these issues serves the principle of efficiency, as well as the principle that a properly decided jury verdict should not be disturbed. A court may not "lightly disturb a jury verdict." *Chien v. Rubio*, No. 16-cv-01583 (APM), 2025 U.S. Dist. LEXIS 229800, at *4 (D.D.C. Nov. 21, 2025) (*quoting McGill v. Munoz*, 203 F.3d 843, 845, 340 U.S. App. D.C. 185 (D.C. Cir. 2000) (citation omitted)).

## II. The Statute Governing The Compensatory Damages Cap Does Not Explicitly Preclude Separate Recovery for Separate Claims.

Although courts have analyzed the compensatory damages cap to cover multiple instances of discrimination brought in a single claim, the statute and the legislative intent of the statute, run contrary to this determination. The relevant statute relating to the cap on compensatory damages is 42 U.S. Code § 1981a(b)(3)(D), which states the following:

> The sum of the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses, and the amount of punitive damages awarded under this section, shall not exceed, for each complaining party. . . in the case of a respondent who has more than 500 employees in each of 20 or more calendar weeks in the current or preceding calendar year, $300,000.

42 U.S. Code § 1981a(b)(3)(D). The legislative history reflects that the phrase "**each complaining party**" was added to clarify that the damage caps do not apply "to all parties in a single case," not to preclude a party from recovering more than $300,000 in compensatory damages when they have suffered separate and distinct instances of discrimination. 137 Cong. Rec. § 15471 (daily ed. October 30, 1991). The bill's sponsors specifically stated that:

> The amount of damages that a victim can recover should not depend on whether that victim files her own lawsuit or joins with other similarly situated victims in a single case. Rather, the amount of damages should depend on the injury the victim has suffered, subject to the

caps. This amendment ensures that the remedy provided in the [Bill] is available to each individual who has been subjected to abuse.

*Id.* Given the clear explanation of the intent of this language, it is unfair and against the spirit of the statute to preclude an individual from recovering compensatory damages after suffering from discrimination merely because that same employer has also victimized that same individual on another, separate occasion. Furthermore, capping damages incentivizes employers to incur new harm when all the claims can be brought in a single action even though such actions are born from separate unlawful acts.

For these reasons, Plaintiff respectfully requests the Court find the compensatory damages cap does not preclude Plaintiff from additional compensatory damage recovery in this matter.[2]

### III. Conclusion

Plaintiff respectfully requests that the Court determine that upcoming trial in this matter be limited to the issue of whether the denial of the Kuala Lumpur temporary duty assignment constituted a term, condition, or privilege of employment and that she be permitted to recover compensatory damages separately for her separate claims.

_____
Geoffrey H. Simpson #988437
Gilbert Employment Law, P.C.
8403 Colesville Rd.
Suite 1000
Silver Spring, MD 20910

---

[2] Regardless, the compensatory damages cap does not preclude recovery for other forms of damages outside of the types of compensatory damages identified explicitly in the statute.

5

## CERTIFICATE OF SERVICE

      I hereby certify that on 23rd day of January 2026, the Plaintiffs Brief on Applicable Issues, was electronically filed with the Clerk of Court using the CM/ECF system that will automatically send email notification of such filing to all counsel of record.

                                        *Geoffrey H. Simpson, Esq. (#988437)*
                                        Gilbert Employment Law, P.C.
                                        8403 Colesville Road, Suite 1000
                                        Silver Spring, MD 20910
                                        Tel: (301) 608-0880
                                        Fax: (301) 608-0881
                                        gsimpson@gelawyer.com