UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPHINE CHIEN, <br><br> Plaintiff, <br><br> v. <br><br> MARCO RUBIO, Sec'y of State <br><br> Defendant. | Civil Action No. 16-1583 (APM) |

**DEFENDANT'S BRIEF IN RESPONSE TO THE CORUT'S ORDER**

Secretary of State, Marco Rubio, in his official capacity only ("Defendant"), by and through undersigned counsel, respectfully submit this memorandum of law per the Court's order following a status conference on December 9, 2025. Previously, the Court denied Defendant's Motion for Judgment as a Matter of Law or, in the Alternative, for a New Trial or Remittitur, *see* ECF No. 106, and granted Plaintiff's Motion for Reconsideration and to Amend Verdict on the Kuala Lumpur Discrimination Claim, *see* ECF No. 110 insofar as she is entitled to a new trial. *See* ECF No. 138 ("Memo. Op.").

As the Court recalls, following a trial, a jury awarded Plaintiff $650,000 on her Jakarta, Indonesia, retaliatory "extra duty weeks" claim. *See* Memo. Op. at 1. Plaintiff's other claim, *i.e.*, that she was denied a "temporary assignment in Kuala Lumpur, Malaysia, was also a subject of the trial, but although "[t]he jury found that Plaintiff's race or sex was the but-for cause of the denied assignment [it] nevertheless ruled in favor of Defendant because it found that the denial was not a materially adverse action." Memo. Op. at 2. Per the aforementioned parties' post-trial motions, the Court remitted the jury award for the extra duty weeks claim to $300,000 and reinstated Plaintiff's Kuala Lumpur temporary assignment claim to align with the Supreme Court's

ruling in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024).  Specifically, the Court concluded that "*Muldrow's* holding that a Title VII plaintiff must show 'some harm' from a forced transfer likely applies to the denied temporary duty assignment in Kuala Lumpur . . . [and] whether Plaintiff can meet her burden under *Muldrow* is best left to a jury in the first instance."  Memo. Op. at 12.  At the December 9, 2025, status conference following the Court's ruling, the questions arose whether Plaintiff would be entitled to any additional money relief under Title VII given that she has already received a $650,000 (remitted to $300,000) jury award.  Another issue that arose was whether Plaintiff has alleged enough to satisfy *Muldrow's* "some harm" requirement to warrant submission to a jury.  The answer to both is no.

**I.     Plaintiff Is Not Entitled to A New Trial on An Issue In The Same Action**

The Civil Rights Act of 1991 amended Title VII to allow for conventional damages as follows:

> In an action brought [under] Civil Rights Act of 1964 … the complaining party may recover compensatory and punitive damages as allowed in subsection (b) of this section [and] the amount of compensatory damages awarded under this section for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses … shall not exceed, for each complaining party … $ 300,000.

42 U.S.C. § 1981a(a)(1); 42 U.S.C. § 1981a(b)(3).

The D.C. Circuit has held that "Congress meant the cap to apply to each party in each lawsuit.  Such a reading gives the words their 'ordinary, contemporary, common meaning,' which is to prevail 'absent an indication Congress intended them to bear some different import.'"  *Fogg v. Ashcroft*, DC 254 F.3d 103, 108 (D.C. Cir. 2001) (quoting *Williams v. Taylor*, 529 U.S. 420, 431 (2000)).  "In doing so, [Congress] focused on the word 'action,' noting that in common legal parlance, the term refers to a 'civil or criminal judicial proceeding,' or similarly, to 'a lawsuit

brought in court.'" *Id*. at 107 ("Three other circuits have faced the question before us, and all have found § 1981a to impose a cap on the recovery from each lawsuit, rejecting arguments that the controlling unit is the claim."). "This also is the sense in which the Federal Rules of Civil Procedure define the term, describing as an 'action' or 'civil action' all claims for relief alleged in a single lawsuit." *Id*. (rejecting a "claim" or "per lawsuit interpretation" because "plaintiffs drawn to such a strategy will have to bear in mind the law of claim preclusion, which bars recovery in a second (or other) lawsuit for injuries inflicted in the same transaction as was adjudicated in the first lawsuit."); *see also Boyd v. O'Neill*, 273 F. Supp. 2d 92, 97 (D.D.C. 2003) ("Section 1981a(b)(3) caps the amount of compensatory damages a plaintiff may receive [and] may not exceed $ 300,000, regardless of the number of claims made in a particular lawsuit.").

"The face of the statute is conclusive, and this is the reading of it that the Court must apply." *Black v. Pan Am Labs., L.L.C.*, 646 F.3d 254, 264 (5th Cir. 2011) (citing *Hudson v. Reno*, 130 F.3d 1193, 1200 (6th Cir. 1997)) ("Other courts have uniformly held that Title VII's damages cap applies to each party in an action, not to each claim."). "For the purposes of Title VII's damages cap, the relevant "unit of accounting is the litigant, not the legal theory." *Id*. (quoting *Smith v. Chicago Sch. Reform Bd. of Trustees*, 165 F.3d 1142, 1150 (7th Cir. 1999)). Thus, based on the uniformity of courts' interpretation of Title VII's damages provisions, Plaintiff's damages are capped at the $300,000 the jury already awarded. Moreover, even if the jury had awarded damages for Plaintiff's "temporary duty assignment in Kuala Lumpur, Malaysia" claim above $650,000, the cap would have still applied and the remittitur the Court entered would have reduced any award to Title VII's statutory cap.

Moreover, under Title VII, a jury trial is available "only 'if a complaining party seeks compensatory or punitive damages.'" *Landgraf v. USI Film Products*, 511 U.S. 244, 281 (1994) (quoting 42 U.S.C. § 1981a(c)).  A jury trial, therefore, is not automatically available to any claim made under Title VII, but only those claims for which compensatory or punitive damages are sought. *Id*. ("the jury trial option must stand or fall with the attached damages provisions"); *Tomasello v. Rubin*, 167 F.3d 612, 620 (D.C. Cir. 1999) (affirming that, in a case involving claims both preceding and post-dating the 1991 amendments to Title VII allowing compensatory damages, plaintiff was not entitled to jury trial for claims preceding the 1991 amendments "because the right to a jury trial is tied to the compensatory damages provision"); *Graves v. D.C.*, 843 F. Supp. 2d 106, 109 n.2 (D.D.C. 2012) (observing that *Landgraf* found "the right to a jury trial inextricably intertwined with the right to seek compensatory . . . damages"); *Francis v. Dietrick*, 682 F.2d 485, 486-87 (4th Cir. 1982) (court properly found no jury trial right after plaintiff amended the complaint to withdraw the claim for damages and sought only equitable relief).

Thus, not only is Plaintiff not entitled to a jury trial because of Title VII's statutory maximum, but she is also not entitled to one for any other kind of relief.

## II.   Plaintiff cannot meet her burden under *Muldrow*

Even in the absence of Title VII's statutory cap, which is sufficient to preclude another trial, there is a lack of evidence that the denial of a temporary assignment satisfies *Muldrow's* "some harm" standard.  It appears that Plaintiff's proffer is that the denial of a "temporary duty assignment" of ten days would satisfy *Muldrow's* "some harm" standard because the assignment was potentially "career enhancing." *Chien v. Pompeo*, Civ. No. 16-1583 (APM), 2020 U.S. Dist. LEXIS 257177 **9-10 (D.D.C. Dec. 7, 2020).  Plaintiff must show only "some harm respecting

an identifiable term or condition of employment." *Wilson v. Noem*, Civ. No. 20-0100 (GMH), 2025 U.S. Dist. LEXIS 64168 *53 (D.D.C. Apr. 3, 2025) (citing *Muldrow*, 601 U.S. at 354-55).

The denial of a ten-day temporary duty that Plaintiff speculates would have been "career-enhancing" would fail to satisfy even *Muldrow's* "some harm" requirement. "*Muldrow* did not change a plaintiff's obligation of presenting actual evidence of "some injury" when viewed by the reasonable person standard; that is, an objective standard based on the evidence." *Bennett v. Butler Cnty. Bd. of Educ.*, Civ. No. 18-1061 (RAH), 2025 U.S. Dist. LEXIS 897 *11 (M.D. Ala. Jan. 3, 2025). "[T]he employee's subjective view of the . . . employer's action is not controlling.") *Id.*, (citing *Davis v. Town of Lake Park*, 245 F.3d 1232, 1239 (11th Cir. 2001)); *Rhone v. Rubio*, Civ. No. 24-3389 (RC), 2025 U.S. Dist. LEXIS 212534 *9 (D.D.C. Oct. 28, 2005) ("In other words, the plaintiff must show 'some 'disadvantageous' change in an employment term or condition."). In *Ellis v. Noem*, Civ. No. 24-0977 (EGS) 2025 U.S. Dist. LEXIS 189022 *40 (D.D.C. Sept. 25, 2025), in addition to alleging a "potential" harm the court noted that Plaintiff also alleged that she had been denied a subsequent promotion, hence she made some showing of a disadvantageous change in an employment term or condition. Here, even as recently as the status conference held late last year, the Court asked: "[D]o you think you would have evidence that just because she was not assigned to a single temporary duty assignment, now ten years ago[?]" Plaintiff responded: "I think that that's going to be the product of a little bit more work proving that up." These proofs should be at Plaintiff's fingertips after ten years of litigation.

Here, Plaintiff makes no showing of a disadvantageous change in an employment term or condition.

\*   \*   \*

## CONCLUSION

For the foregoing reasons, Plaintiff is not entitled to a new trial on the denial of a temporary duty assignment in Kuala Lumpur.

Dated: January 23, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:     /s/ *Kenneth Adebonojo*
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202)252-2562

*Attorneys for the United States of America*