THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JOSEPHINE CHIEN**, | ) |
| *Plaintiff*, | ) |
| v. | ) Civil Action No. 16-1583 (APM) |
| **MARCO RUBIO**, SECRETARY OF STATE | ) |
| *Defendant*. | ) |

**PLAINTIFF'S REPLY TO DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S ORDER**

Comes now the Plaintiff, Josephine Chien, to reply to Defendant's Brief in Response to the Corut's [sic] Order ("Defendant's Brief").

Defendant's Brief misinterprets and misrepresents law as stating Plaintiff's right to a trial is tied to the availability of additional damages under 42 U.S.C. § 1981a(c)). This is not the case, as other forms of relief, including equitable relief, are also available to Plaintiff. Additionally, contrary to Defendant's position, the discriminatory denial of the temporary duty assignment for Plaintiff is sufficient to meet the "some harm" standard established in *Muldrow v. City of St. Louis*, 601 U.S. 346 (2024). The determination regarding whether Plaintiff meets this standard should be decided at trial as ordered by the Court.

**I. A Trial Is Available Regardless of Whether Additional Non-Pecuniary Compensatory Damages Are Available Under 42 U.S.C. § 1981a(c).**

Defendant argues Plaintiff is not entitled to additional non-pecuniary compensatory damages under 42 U.S.C. § 1981a(c). Plaintiff has addressed Defendant's arguments regarding this issue in her original brief, explaining why the statutory cap should not be applied in these circumstances. DE 142, Plaintiff's Opening Brief on Applicable Issues at 4–5. Otherwise,

1

Defendant has not waived it's right to appeal the damages award for the retaliation claim. Should Defendant be successful in reducing the compensatory damages on the retaliation claim on appeal, Plaintiff will be entitled to recover for compensatory damages for the discrimination claim. However, regardless of whether the statutory cap on those forms of damages apply here, and contrary to Defendant's arguments, the availability of a trial does not hinge on that issue because other forms of relief are also available to Plaintiff.

Section 1981a(b)(2) plainly states that "[c]ompensatory damages awarded under this section shall not include backpay, interest on backpay, or any other type of relief authorized under section 706(g) of the Civil Rights Act of 1964 [42 § 2000e-5(g)]." 42 U.S.C. § 1981a(b)(2). While the right to a jury trial may be tied to 42 U.S.C. § 1981a(c), other forms of equitable relief are available under 42 § 2000e-5(g). Correcting Plaintiff's personnel record by retroactively indicating that she received the temporary duty assignment in question, restored leave, and the provision of appropriate adjustments to back pay and front pay are forms of relief that are still available to Plaintiff beyond what is included in the damages cap. 42 § 2000e-5(g). A trial, either a jury trial or a bench trial would address these harms.

"The questions of statutory violation and appropriate statutory remedy are conceptually distinct. An illegal act of discrimination whether based on race or some other factor such as a motive of reprisal is a wrong in itself under Title VII, regardless of whether that wrong would warrant [specific forms of damages.]" *Smith v. Sec'y of Navy*, 212 U.S. App. D.C. 229, 659 F.2d 1113, 1120-21 (1981) (determining Plaintiff was entitled to the equitable relief of making changes to his personnel file even when no back pay or compensatory damages were appropriate).

In sum, Defendant's Brief conflates the notion of whether a jury trial is available to Plaintiff and whether *any* trial is available at all. Defendant's Brief at 4. Should the Court determine that

no additional non-pecuniary damages could be awarded under 42 U.S.C. § 1981a(c)—a determination that would depend on the conclusion that there is no possibility that the $300,000 awarded would be reduced-- the Court could therefore hold a bench trial on the remaining issues, including the extent of the other equitable damages available to Plaintiff once liability is established.

## II. Defendant Fails to Show Plaintiff Suffered *Some* Harm Due to Defendant's Discriminatory Actions.

Defendant argues, in effect, that Plaintiff's claim should be dismissed because she could not possibly make a showing that she suffered even some harm as a result of being denied the temporary duty assignment. Defendant's Brief at 4–5. Such an argument at this stage is meritless; making all inferences in favor of Plaintiff and viewing all evidence in the light most favorable to Plaintiff, there is sufficient evidence to conclude she did indeed suffer harm by being discriminatorily denied the temporary duty assignment.

As parsed more fully in Justice Kavanaugh's concurrence, an employee subjected to a discriminatory action pertaining to their duty assignment "should easily be able to show some additional harm—whether in money, time, satisfaction, schedule, convenience, commuting costs or time, prestige, status, career prospects, interest level, perks, professional relationships, networking opportunities, effects on family obligations, or the like." *Muldrow*, 601 U.S. at 365. The concurrence further explains that, in "99 out of 100 discriminatory transfer cases, if not all 100," an employee will indeed have suffered "some harm." In other words, it should be exceedingly rare, if ever, that an employee be found to have experienced discrimination and yet not suffered an iota as a result. No such finding is appropriate in this case either. *See also Rhone v. Rubio*, Civ. No. 24-3389 (RC), 2025 U.S. Dist. LEXIS 212534 *9 (D.D.C. Oct. 28, 2025) (emphasizing that "the attendant harm experienced by the plaintiff need not be "significant" or

3

"otherwise exceed[] some heightened bar."); *Cameron v. Blinken*, No. 22-cv-0031 (CRC), 2023 U.S. Dist. LEXIS 152421, at *15 (D.D.C. Mar. 22, 2023) (finding that being denied the opportunity to serve in a temporary position for a single week to be sufficient to have "alleged an adverse employment action for purposes of her discrimination claim."); *Liu v. Georgetown Univ.*, Civil Action No. 22-157 (RDM), 2022 U.S. Dist. LEXIS 118081 (D.D.C. July 6, 2022) ("[T]he D.C. Circuit made clear that employment actions may give rise to Title VII liability where those actions 'adverse[ly] impact . . . the employee's potential for career advancement.").

Plaintiff has testified, and will testify, that the denial of the temporary duty assignment constituted a denial of a career enhancing opportunity. Furthermore, Senior Desk Officer Eugene Henwood's email announcing the temporary duty assignment itself plainly identified it as a "career enhancing position". *See* Exhibit 1, Joint Trial Exhibit 6; *see also* Exhibit 2, DE 107-1, Trial Transcript, Day 3, Morning (3/2/2022) at 94:10-21. Additionally, Jim Murphy admitted that going on such a TDY and performing well would inure to an agent's benefit and boost their future prospects. *See* Exhibit 4, DE 107-1, Trial Transcript, Day 6, Morning (3/7/2022) at 54:3-55:13.) ("Q: [On this TDY] [y]ou're going to go work and protect and provide security and protection for the President of the United States, right? A: Yes. Q: And that is something that would help any agent's career, right? A: Correct."). Murphy also testified that the TDY supported a "big visit" and was "an important TDY" and the selection of candidates was "not something to be taken lightly." *Id.* at 40:17-23, 42:6-25. It was so important, most ARSOs would like to go. *Id.* at 44:5-9. Viewed in the light most favorable to Plaintiff, this evidence is enough to conclude Plaintiff experienced some harm as a result of being denied that opportunity. *See also* Exhibit 3, DE 107-1, Trial Transcript, Day 4, Afternoon (3/3/2022) at 17:1–8. ("[W]e did have Ms. Chien's testimony about the opportunities it would provide for her, but it's also sort of corroborated by the email that

4

announced the opportunity, which called it and defined it as career enhancing opportunity. So I think that gets you . . . past the Rule 50.").

Plaintiff's testimony and the testimony of Defendant's own managers establish that Ms. Chien had experienced "some harm" as contemplated in *Muldrow*. The Kuala Lumpur TDY would enhance Ms. Chien's "satisfaction, . . . prestige, status, career prospects, interest level, perks, professional relationships, networking opportunities"

## **CONCLUSION**

For these reasons, Plaintiff respectfully requests that the Court determine a trial is indeed available to Plaintiff, and that the issue of whether the discriminatory determination to deny Plaintiff the temporary duty assignment caused her some harm be decided at that trial.

*Geoffrey H. Simpson*
Geoffrey H. Simpson #988437
Gilbert Employment Law, P.C.
8403 Colesville Rd.
Suite 1000
Silver Spring, MD 20910

## CERTIFICATE OF SERVICE

I hereby certify that on February 10, 2026, Plaintiff's Reply to Defendant's Brief in Response to The Court's Order, was electronically filed with the Clerk of the Court using the CM/ECF system that will automatically send email notification of such filing to all counsel of record.

        Respectfully submitted,

        *Geoffrey H. Simpson*
        Geoffrey H. Simpson #988437
        Gilbert Employment Law, P.C.
        8403 Colesville Rd.
        Suite 1000
        Silver Spring, MD 20910