# Exhibit 3

```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF COLUMBIA


JOSEPHINE CHIEN,                  )
                                  )
         Plaintiff,               )
                                  )     CV No. 16-1583
      vs.                         )     Washington, D.C.
                                  )     March 3, 2022
ANTONY J. BLINKEN,                )     12:55 p.m.
                                  )
         Defendant.               )     Afternoon Session
_____ )     Day 4


            TRANSCRIPT OF JURY TRIAL PROCEEDINGS
            BEFORE THE HONORABLE AMIT P. MEHTA
                UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          Bruce Allen Fredrickson
                            WEBSTER & FREDRICKSON, PLLC
                            1101 Connecticut Avenue, NW
                            Suite 402
                            Washington, D.C. 20036
                            (202) 659-8510
                            Email:
                            bfredrickson@
                            websterfredrickson.com

                            Geoffrey H. Simpson
                            WEBSTER & FREDRICKSON
                            1775 K Street, NW
                            Suite 290
                            Washington, D.C. 20006
                            (202) 659-8510
                            Email: gsimpson
                            @websterfredrickson.com

                            Kelly Brian McClanahan
                            NATIONAL SECURITY COUNSELORS
                            4702 Levada Terrace
                            Rockville, MD 20853
                            (301) 728-5908
                            Email:
                            kel@nationalsecuritylaw.org
```

```
APPEARANCES CONTINUED:

For the Defendant:         Daniel Patrick Schaefer
                           Christopher Hair
                           U.S. ATTORNEY'S OFFICE
                           FOR THE DISTRICT OF COLUMBIA
                           555 Fourth Street, NW
                           Washington, D.C. 20530
                           (202) 252-2531
                           Email:
                           Daniel.Schaefer@usdoj.gov
                           Email:
                           christopher.hair@usdoj.gov

Also Present:              Samuel Birnbaum
                           Rafael Gallardo

Court Reporter:            William P. Zaremba
                           Registered Merit Reporter
                           Certified Realtime Reporter
                           Official Court Reporter
                           E. Barrett Prettyman CH
                           333 Constitution Avenue, NW
                           Washington, D.C. 20001
                           (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription
```

3

```
- - -

              WITNESS INDEX

              - - -

WITNESSES            DIRECT CROSS REDIRECT RECROSS

DEFENDANT'S:

PATRICIA GUNNING       29    90     139
ALBERT ANDERSON       142
```

```
 1                    P R O C E E D I N G S
 2              COURTROOM DEPUTY:  All rise.
 3              This Honorable Court is again in session.
 4              THE COURT:  Please be seated, everyone.
 5              All right.  So we have -- what I propose is that
 6   we bring in the juror that we need to ask some questions of
 7   first.  Then I want to tie up a couple loose ends and then
 8   just talk to you all about what we ought to say about the
 9   claims that are dismissed and if you've given that any
10   thought.
11              So let's bring in the juror now first.
12              Why don't we have her just come up to the lectern,
13   JC.  It's probably a little easier over here.
14              COURTROOM DEPUTY:  Okay.  You can come up to the
15   lectern.
16              THE COURT:  Hi, ma'am.  How are you?
17              THE DEFENDANT:  I'm good.  And you?
18              THE COURT:  Let me just make sure you're juror
19   1692; is that right?
20              A JUROR:  I'm sorry?
21              THE COURT:  Juror 1692?
22              A JUROR:  Correct.
23              THE COURT:  Okay.  We received your note; we take
24   your note.  Thank you for sending it to us, I really
25   appreciate it.
```

```
 1            You've indicated -- and I've shared the note with
 2   the lawyers, as I'm required to do.  But you've indicated
 3   that you had some trouble as a result of masks and these
 4   Plexiglass and our voices, maybe not hearing everything or
 5   trouble hearing, I should say.
 6            The question I have for you is, have there been
 7   portions of the testimony that's been presented so far that
 8   you have not been able to hear?
 9            A JUROR:  Not the whole thing.  But, for instance,
10   when Ms. Chien was sitting there, she would put her head
11   down and speak softly, and I would miss those words.  I was
12   able to pick up the gist of it, but it concerned me that I
13   was missing some of it.
14            And --
15            THE COURT:  But just -- If I could help, it
16   sounded --
17            A JUROR:  And you, I can't hear you all the time.
18            THE COURT:  Oh, okay.
19            A JUROR:  You're further away than even --
20            THE COURT:  It's less important whether you can
21   hear me or not, except for when I provide some instructions.
22            But other than that, you've described one moment
23   when Ms. Chien may have dropped her head, and that may have
24   caused you to maybe miss her words but not -- but you said
25   you caught the gist of her testimony; is that right?
```

1           I will -- I think if I didn't deny or if I
2  deferred the issue with respect to the TDY in Kuala Lumpur,
3  I'm going to deny the motion.
4           I did read *Ortiz-Diaz* over the break more closely.
5  You know, it's not a completely analogous case because it
6  does involve a lateral transfer from a sort of
7  discriminating employer to a -- a permanent lateral transfer
8  from a discriminating employer to a non-discriminating
9  supervisor.  Excuse me.  But, nevertheless, I think the sort
10 of principles there are instructive.
11          The Circuit says, "Nothing in the Court's
12 precedent on lateral transfers or material adversity
13 requires a contrary result.  For instance, even in *Brown*,
14 199 F.3d at 457, where the Court held that the denial of a
15 lateral transfer did not constitute a materially adverse
16 action because the plaintiff expressed only subjective
17 disappointment at the denial, the Court recognized that a
18 showing of 'consequences affecting future employment
19 opportunities' could be sufficient."
20          The Court further says later down, similarly, the
21 Court has held that unduly speculative claims of harm
22 arising from the denial of a recommendation for an award are
23 not as sufficient for adversary purposes for disparate
24 treatment claim, a discrimination claim, not a retaliation
25 claim.

17

```
 1              I think, frankly, this case supports both of the
 2   conclusions I made, the one concerning letting the TDY go
 3   forward, because we did have Ms. Chien's testimony about the
 4   opportunities it would provide for her, but it's also sort
 5   of corroborated by the email that announced the opportunity,
 6   which called it and defined it as career enhancing
 7   opportunity.  So I think that gets you to the -- past the
 8   Rule 50.
 9              But at the same time, it doesn't get the 2012,
10   2013, you know, domestic appointment across the finish line,
11   because, you know, at most what we have is speculation for
12   Ms. Chien as to how it might impact her career.  And at
13   most, what we have on the record is a subjective
14   disappointment of not getting the overseas assignment.
15              So for those reasons, I'll just add to the record
16   as to the reasons for the dismissal.
17              All right.  Next question is what you all would
18   like me to say to the jury about those dismissals.  As I
19   said, there is a criminal rule, standard rule, about the
20   dismissal of charges against a defendant that I could
21   modify.  But let me -- if there's a standard instruction in
22   a the civil context on this, then you all should let me know
23   that.
24              MR. FREDERICKSON:  Your Honor, may I make a
25   suggestion on that?
```

```
1                    THE COURT:  Of course.
2                    MR. FREDERICKSON:  I think the simpler the better.
3              And I know there's a standard instruction.
4    I think they're even part of the routine instructions given,
5    that any decisions made by you -- by the judge should not
6    influence the jury.  You should not infer from anything
7    I have said, as the judge, as weighing in on one side or the
8    other.
9              So I think the simple explanation to the jury
10   should be, and it probably should be at this stage:  Ladies
11   and gentlemen, or jurors, the -- there are certain claims,
12   which for reasons that should not concern you, are no longer
13   part of this case.
14             And then you say, The issues related to the claim
15   of the overseas bid -- bids is no longer part of the case.
16   So don't expect the government to offer any evidence
17   countering what the plaintiff has offered, and you shouldn't
18   really debate that in your deliberations.
19             And with respect to the other, I guess the changed
20   hours, you're not letting that go to the jury as well, same
21   thing.  You're not going to hear testimony about that from
22   the defense side, but it should not concern you for reasons
23   that don't concern you.  Don't draw any conclusions as a
24   result of this instruction other than you don't have to
25   decide those any longer.
```