UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOSEPHINE CHIEN,<br><br>   Plaintiff,<br><br> v.<br><br>MARCO RUBIO, Sec'y of State<br><br>   Defendant. | Civil Action No. 16-1583 (APM) |

**DEFENDANT'S BRIEF IN RESPONSE TO THE COURT'S ORDER**

 Secretary of State, Marco Rubio, in his official capacity only ("Defendant"), by and through undersigned counsel, respectfully submits this memorandum of law in opposition of the Plaintiff's position, ECF No. 142 ("Pl's Memo."), and regarding the Court's inquiry concerning the Jury's verdict on Claim one: Discrimination. At a status conference held on December 9, 2025, the Court requested briefing on: (1) whether Title VII's $300,000 statutory cap precluded another money damages trial on Plaintiff's "temporary duty" claim given that a jury already awarded her the statutory maximum in the same case and (2) if there is to be a trial, what is the scope of that trial.

 First, as stated in our previous filing, Title VII's damages cap applies to each party in an action, not to each claim. Plaintiff's argument that "the compensatory damages cap does not preclude damages from being awarded from a separate claim" has been flatly rejected by the D.C. Circuit in *Fogg v. Ashcroft*, 254 F.3d 103, 108 (D.C. Cir. 2001). *See* Pl's Memo. at 1, 5. *Fogg* held that the natural inference of there being a damages cap of $ 300,000 "for each complaining party," is that Congress meant the cap to apply to each party in each lawsuit. And that such a reading gives the words their "'ordinary, contemporary, common meaning,'" which is to prevail

"absent an indication Congress intended them to bear some different import." *Fogg*, 254 F.3d at 108, *citing Williams v. Taylor*, 529 U.S. 420, 431 (2000). Other Courts have held the same: *Black v. Pan Am Labs, LLC*, 646 F. 3d 254, 263-264 (5th Cir. 2011) ("We find the reasoning of our sister circuits compelling and hold that the plain language of § 1981a(b)'s cap applies to each party in an action. Because the plain meaning of the statute dictates this result, we need not address [the] other arguments in support of [plaintiff's] reading of the statute.), *Smith v. Chi. Sch. Reform Bd*, 165 F.3d 1142, 1150 (7th Cir. 1999) (For the purposes of Title VII's damages cap, the relevant "unit of accounting is the litigant, not the legal theory."), *Hudson v. Reno*, 130 F.3d 1193, 1200 (6th Cir. 1997), abrogated on other grounds, the Sixth Circuit stated:

> Under the plain language of the statute, the cap on compensatory damages applies to each complaining party in an "action". An "action" is simply a "lawsuit brought in court." Similarly, the Federal Rules of Civil Procedure use the term "action" or "civil action" to describe all claims for relief alleged in a single lawsuit. Put simply, the § 1981a caps apply to each party in an action, not to each claim, and there is nothing in the language of the statute to indicate otherwise. The face of the statue is conclusive and this is the reading of it that the Court must apply.

*Baty v. Willamette Indus., Inc.*, 172 F.3d 1232, 1245-6 (10th Cir. 1999) (same).

Similarly, here because there is only one party plaintiff in this singular action, the cap on compensatory damages, which she was awarded, precludes Plaintiff from another jury trial on the separate claim of discrimination.

Given that the Plaintiff is precluded from a jury trial due to the compensatory damages cap, she is restricted as to the scope of any trial going forward. A jury trial is not automatically available to any claim made under Title VII, but only those claims for which compensatory or punitive damages are sought. *Landgraf v. USI Film Products*, 511 U.S. 244, 281 (1994). The scope of any trial, if any at all, must be limited to the Court's assessment of whether any harm resulted in the

denial of the temporary duty assignment to Kuala, Lumpar in 2016, given *Muldrow v. City of St. Louis'*, 601 U.S. 346 (2024) "some harm" requirement. As Defendant argued in his initial submission, the record is devoid of any evidence that the denial of a ten-day temporary duty assignment caused any harm other than Plaintiff's speculation that it would have been career enhancing.

Whether it is for a jury or bench trial for backpay or other equitable relief, Plaintiff would still be required to make out the elements of a discrimination claim to be entitled to any relief. *See Klotzbach-Piper v. Nat'l R.R. Passenger Corp.*, 678 F. Supp. 3d 62, 70 (D.D.C. 2023) "[B]ack pay will not be appropriate in cases where the hostile work environment did not result in the employee's direct or constructive termination, or in any loss of compensation."). In other words, even for a bench trial on backpay, which Defendant does not concede that Plaintiff is entitled to, Plaintiff would still be required to demonstrate some harm. *Id*. (such trials are "appropriate where the plaintiff establishes the discrimination was . . . found to have some *concrete effect* on the plaintiff's employment status." [emphasis added]). Moreover, were there to be any trial on discrimination regarding the TDY assignment, whether jury or bench, it would be contrary to law for a jury or bench to find that Plaintiff was denied a TDY because of discrimination without first finding that the denial caused some harm. Plaintiff cannot have suffered discrimination regarding the TDY claim if the denial had also not caused some harm. *See Dixon v. Blinken*, Civ. No. 22-2357, 2024 U.S. Dist. LEXIS 163267 (D.D.C. Sept. 11, 2024) ("To make out a Title VII discrimination claim, the Court explained, a [plaintiff] must show some harm respecting an identifiable term or condition of employment.") (citing *Muldrow v. City of St. Louis*, 601 U.S. 346, 355 (2024)). Thus, because demonstrating some harm is a precursor to any discrimination award, even a bench trial would necessarily have to make its own independent finding of discrimination.

Indeed, the trial finding of discrimination on the TDY claim should not be adopted or entitled to any deference given that it should not have made a finding of discrimination if Plaintiff had failed to show some harm.

For the foregoing reasons, because of D.C. Circuit binding precedent, Plaintiff is not entitled to any trial on money damages or equitable relief regarding the TDY claim.

Dated: February 10, 2026
      Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      /s/ *Kenneth Adebonojo*
KENNETH ADEBONOJO
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202)252-2562

*Attorneys for the United States of America*