UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSEPHINE CHIEN,

Plaintiff,

v.                                                    Civil Action No. 16-1583 (APM)

MARCO RUBIO, Sec'y of State

Defendant.

**JOINT STATUS REPORT**

Josephine Chien ("Plaintiff") and, in his official capacity only, Secretary of State Marco Rubio ("Defendant") (collectively "the parties"), by and through undersigned counsel, respectfully submit this Joint Status Report to apprise the Court of their proposal for proceeding in this matter:

1.      The parties agree and stipulate that the Court should enter judgment on behalf of Plaintiff Chien for the Kuala Lumpur TDY discrimination claim. The order should state that there is a finding for Ms. Chien on the discrimination claim. Plaintiff believes that damages should be entered in the amount determined by the Court.

2.      Defendant disagrees. Defendant asserts that any claim for compensatory damages related to the Kuala Lumpur TDY claim is resolved because, as the Court has already concluded, Plaintiff can recover no further compensatory damages in this action because the jury has already awarded the statutory maximum of $300,000. Defendant maintains that, to the extent that Plaintiff is entitled to any recovery for the TDY claim, that recovery would be limited to equitable remedies. To the extent that the Court deems it necessary to make a factual finding pertaining to compensatory damages arising from the Kuala Lumpur TDY claim, the Court must vacate its prior

judgment reflecting the jury's award on the retaliation claim and order a new trial on compensatory damages arising from both the retaliation and the TDY claims.

3. Plaintiff proposes that limited discovery be permitted on damages and equitable relief issues. To wit, additional discovery can largely be addressed by supplementing responses to existing discovery requests; but proposes that she be permitted to provide a forensic expert psychologist report. Doing so would assist the Court in ascertaining Ms. Chien's damages as they relate to the TDY claim. Expert discovery and presentation is appropriate given the passage of time.

4. In response, Defendant's position is that there should be no additional discovery because the underlying facts should have been explored in discovery, which closed years ago in this already ten-year-old case. In the alternative, Defendant proposes that any discovery be limited to the question of the availability of equitable relief because the issue of compensatory damages is resolved unless the Court orders a new trial on all compensatory damages owed to plaintiff in this action, not just the Kuala Lumpur TDY claim. Therefore, Defendant would propose only that it be permitted to serve discovery on Plaintiff to determine the equitable relief to which she is entitled, the evidentiary basis for that claim, and that Defendant be permitted to depose any witnesses who would testify in support of the claim of equitable relief, including Plaintiff. Defendant would also reserve the right to retain a forensic psychologist to provide expert testimony if Plaintiff submits a report from a forensic psychologist.

5. Furthermore, Defendant believes that these issues are premature as the status quo bodes better for the upcoming already scheduled mediation than any further rulings by the Court that could complicate the mediation process.

Dated:  May 13, 2026
      Washington, DC

Respectfully submitted,

_____/s/_____
GEOFFREY H. SIMPSON #988437
Gilbert Employment Law, P.C.
8403 Colesville Rd.
Suite 1000
Silver Spring, MD 20910

*Counsel for Plaintiff*

JEANINE FERRIS PIRRO
United States Attorney

By: _____*Kenneth Adebonojo*_____
     KENNETH ADEBONOJO
     Assistant United States Attorney
     601 D Street, NW
     Washington, DC 20530
     (202)252-2562

*Attorneys for the United States of America*